**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**MARLON EDGARDO HUEZO RIVERA,**<br><br>*Defendant.* | Case No. 1:19-CR-129 (TSE) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING[1]**

In accordance with *United States v. Booker*, 543 U.S. 220 (2005), 18 U.S.C. § 3553, and the United States Sentencing Guidelines ("Guidelines"), Mr. Marlon Edgardo Huezo Rivera ("Mr. Rivera"), by and through undersigned counsel, respectfully submits this Memorandum to aid the Court in determining an appropriate sentence in this case. In light of the unique circumstances of this case and Mr. Rivera's personal background, Mr. Rivera, through counsel, respectfully submits that a total sentence of 36 months in custody will fulfill the Court's sentencing obligations of imposing a sentence that is not "greater than necessary" to comply with the statutory goals of sentencing. *See* 18 U.S.C. § 3553(a).

I.   **LEGAL FRAMEWORK FOR DETERMINING AN APPROPRIATE SENTENCE**

Section 3553(a) requires the Court to impose a sentence that is "sufficient but not greater than necessary" to satisfy the statutory goals of sentencing after making an "individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 49-50 (2007) (citing

---

[1] Mr. Rivera requests that this Court accept this Memorandum as both his brief regarding the 18 U.S.C. § 3553(a) factors as well as to any disputed sentencing factors that need resolution according to United States Sentencing Guidelines § 6A1.2.

*Rita v. United States*, 551 U.S. 338 (2007)). First, the Court must begin its analysis by correctly calculating the advisory sentencing guideline range. Then, in light of the other statutory sentencing factors, the Court is free to impose a different sentence that is sufficient, but not greater than necessary, to comply with the goals of sentencing. *See Rita*, 551 U.S. at 350-51. To do this, the Court is directed to consider specific factors set out in 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense, the defendant's characteristics, the kinds of sentences available, the sentence called for under the guidelines, and the need to avoid unwarranted disparity among similar defendants. *Id.*

## II.     MR. RIVERA'S PERSONAL BACKGROUND

Mr. Rivera came to this country as a young man. He was fleeing from gang activity in his native country of El Salvador. The gang wanted him to sell drugs and participate in other illegal activities. He fled to American thinking he could do better. He entered the country with his sister when he was 14 years old, and they moved in with their mother in Falls Church, Virginia.  While living in Northern Virginia, Mr. Rivera went to school and worked. He is close with his sisters and his mother and was a model employee.  Unfortunately, Mr. Rivera did not escape the gangs when he came to the United States. His neighborhood and his friends were involved with MS-13. He was unable to escape their orbit, and his actions have now brought him before the court.

Mr. Rivera has not been idle while he has been incarcerated. He has been taking advantage of the classes the jail has offered and is set to graduate from an English as Second Language class on Wednesday.

## III.    THE UNIQUE NATURE AND CIRCUMSTANCES OF THE OFFENSE

As part of Mr. Rivera's guilty plea, a detailed Statement of Facts was entered in this case. Mr. Rivera does not dispute the facts contained in that narrative and takes full responsibility for

his actions. An examination of the totality of the circumstances is needed to address the appropriate sentence in this matter. Mr. Rivera participated in the bearing of F.C.H., but he did not instigate it. Rather, he was part of the group that did this on behalf of MS-13. Mr. Rivera's conduct in this matter is not appreciably different than his two co-defendants, who received sentences from this Court of 36 and 37 months. As the Pre-Sentence report ("PSR") indicates, Mr. Rivera participated in this offense at the direction of others who had leadership roles MS-13. It was Mr. Ochoa del Cid that decided F.C.H was a snitch that needed to be punished. It was MS-13, through the person of Mr. Ochoa del Cid, that decided that F.C.H. would be beaten, and by whom and why. Mr. Rivera did what he did to be helpful to the gang, but he was not the primary instigator. Rather, he was young man, desperate for the approval of the higher ranking members.

Following the lead of known gang-members and attempting to curry favor and advance oneself in a gang, is undoubtedly behavior in which Mr. Rivera should not have engaged. But Mr. Rivera is a young man, and young men often make ill-advised decisions. In the context of where he grew up and where he lived, Mr. Rivera submitted to his worst instincts. Mr. Rivera's criminal history should be taken into account when looking at the nature of this offense. Mr. Rivera has no violent prior convictions on his record. The two arrests for any substantive charges that are on Mr. Rivera's record are 1) the arrest by Fairfax authorities for the conduct underlying this case, and 2) an altercation at the Fairfax detention center; those charges were dropped. The offense in this case does not represent a repeated pattern of conduct; it represents an individual who is not beyond redemption and who can learn the error of their ways.

## IV. THE GUIDELINES ARE PROPERLY CALCULATED IN THIS CASE

Mr. Rivera does not take any issue with the calculations of the guidelines in this case as stated in the PSR. Mr. Rivera does, however, wish to object to the Court considering certain matters contained in the PSR. In Paragraph 81, the PSR states that Mr. Rivera has obtained the rank of

"Chequeo," and that said rank requires a person to have murdered someone. The PSR seems to be stating that Mr. Rivera must have committed the murder for which there is an arrest warrant outstanding in Prince William County, Virginia. First, there is no allegation that the alleged murder is relevant to the matter currently before the Court. Second, even if the alleged conduct in Prince William County was in some way related, there are no facts presented to this Court from which a determination can be made that Mr. Rivera committed that murder. The probable cause that underlies an indictment in an unrelated matter is not enough to give him a harsher sentence in this matter, especially when Prince William County has not yet brought Mr. Rivera to trial and is fully capable of imposing punishment, should Mr. Rivera be convicted.

### V. OTHER MATTERS

Mr. Rivera also respectfully asks this Court to make two recommendations in its final determination of sentence. The first request is that the Court recommend that Mr. Rivera serve his prison sentence at the low-security facility at FCI Petersburg in Hopewell, Virginia. The second request is that this Court recommend that the Bureau of Prisons give Mr. Rivera credit for some of the time he has been in custody prior to arriving in federal court. Mr. Rivera was taken into custody on November 9, 2018. The Commonwealth of Virginia dropped the charges against Mr. Rivera on February 11, 2019. Mr. Rivera was then transferred to Prince William County, but when Prince William County dropped the charges against him, he was then transferred to federal custody. The conduct underlying Mr. Rivera's original arrest is the same as the conduct for which he has pleaded guilty to in this Court. Because Mr. Rivera was being held for conduct on which he is currently being sentenced beginning on November 9, 2018 and lasting through February 11, 2019, Mr. Rivera submits that giving him credit for that time would be in the interests of justice. This Court has the discretion to recommend, though not to order, that the Bureau of Prisons take

that time into consideration when calculating the time Mr. Rivera has already served. *See Rash v. Stansberry*, 2009 WL 632606 at *3 (E.D. Va. Mar. 11, 2009). None of the time Mr. Rivera spent in custody prior to the federal detainer being issued was credited against any other sentence and Mr. Rivera submits the time he has served should be credited.

VI. **CONCLUSION**

Mr. Rivera, through counsel, respectfully submits that a sentence of 36 months will fulfill the Court's obligation to impose a sentence that is not "greater than necessary" to comply with the statutory goals of sentencing.

Respectfully submitted,

    /s/ Jesse Winograd
Jesse Winograd
(Va. Bar No. 79778)
jwinograd@gowensilva.com
Gowen Silva & Winograd PLLC
513 Capitol Court N.E. Suite 100
Washington, D.C. 20002
Phone: (202) 380-9355
Fax: (202) 499-1370

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November 2019, I electronically filed a copy of the foregoing Memorandum with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record:

                                                      /s/ Jesse Winograd
                                           Jesse Winograd
                                           (Va. Bar No. 79778)